IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EDWARD JAMES PICKETT, JR.,        )
                                  )
            Plaintiff,            )
                                  )   CIVIL ACTION NO.
v.                                )   2:20-cv-232-JTA
                                  )        [WO]
ANDREW SAUL,                      )
Commissioner of Social Security,  )
                                  )
            Defendant.            )

### MEMORANDUM OPINION AND ORDER

Plaintiff Edward James Pickett, Jr. ("Pickett"), proceeding *pro se*, initiated this civil action on April 3, 2020, by filing a complaint against the "Commissioner, Social Security Administration" seeking review of a final decision denying his application for disability benefits. (Doc. No. 1.) Upon consideration of the proceedings in this matter, the Court concludes that Pickett's claims against the Commissioner of Social Security ("Commissioner") are due to be dismissed without prejudice due to Pickett's failure to prosecute this action.

The Court entered a detailed order setting the pleading and briefing deadlines for the parties on May 11, 2020. (Doc. No. 5.) The Order required that the Commissioner file an answer and that, within forty days thereafter, Pickett file a brief identifying the issues he presents to the court for resolution. On November 9, 2020, the Commissioner filed an Answer to Pickett's complaint. (Doc. No. 14.) Therefore, Pickett's brief was due on

December 21, 2020.  Picket failed to file the required brief before the deadline and has not sought an extension of time or otherwise contacted the Court.

On April 14, 2021, five months after service of his answer, the Commissioner filed a Motion to Dismiss Without Prejudice seeking dismissal of Pickett's complaint due to his failure to prosecute this case by failing to file the required brief in support of his claims. (Doc. No. 15.)  By order, the Court directed Pickett to respond to the Commissioner's motion on or before April 29, 2021, and specifically cautioned him that his failure to comply with the directives of the Order would be an indication that he does not oppose dismissal of this case for failure to prosecute and comply with a court order.  (Doc. No. 16.)  To date, Pickett has filed no response, nor has he requested an extension of time within which to do so.  (Doc. No. 17.)

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Here, the Commissioner has so moved, and the Court concludes this case should be dismissed without prejudice. *See Wieszalski v. Colvin*, No. 3:12–cv–733–MEF, 2014 WL 1153737, at *2 (M.D. Ala. Mar. 20, 2014) (dismissing Social Security appeal in a case with a pro se plaintiff because, by ignoring previous court orders, "the Court ha[d] no reason to believe that Plaintiff will ... comply with any further orders this Court may enter imposing any lesser sanction"); *Mabien v. Saul*, No. 19-00053-KD-B, 2020 WL 1018566, at *2 (S.D. Ala. Feb. 5, 2020), *report and recommendation adopted sub nom.*, No. 1:19-00053-KD-B, 2020 WL 1015817

2

(S.D. Ala. Mar. 2, 2020) (dismissing Social Security appeal in a case with a pro se plaintiff without prejudice for failure to obey the orders of the Court and failure to prosecute); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. at 102.

For the above stated reasons, it is

ORDERED as follows:

1.      The motion to dismiss (Doc. No. 15) is GRANTED.

2.      This case is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for Pickett's failure to prosecute and obey the Orders of the Court.

DONE this 3rd day of May, 2021.


JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE